UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC                                      Case No. 25-10369-EPK
(Jointly Administered)

Via Mizner Pledgor I, LLC                                    Case No. 25-10371-EPK

     Debtors.
_____/

## *EXPEDITED* MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS

### Basis for Expedited Hearing

**Hotwire has throttled the Debtor's internet speeds and demanded payment of its prepetition claim to resume normal service. Hotwire's ongoing stay violation interferes with the Debtor's ability to conduct business. The Debtor's counsel has attempted to resolve the matter without Court intervention, but Hotwire has not ceased violating the automatic stay. Accordingly, the Debtor seeks a Court order enforcing the automatic stay and directing Hotwire to resume normal services so that the Debtor can operate in the ordinary course. Accordingly, the Debtor seeks a hearing no later than May 14, 2025.**

Via Mizner Owner I, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 362(a), respectfully requests that the Court direct Hotwire Communications, Ltd. ("Hotwire") to resume normal services and cease violating the automatic stay and that the Court award the Debtor sanctions.  In support, the Debtor states:

### BACKGROUND

1.     The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on January 15, 2025 (the "Petition Date").  It is operating its business and managing its affairs as a debtor in possession.

{2505/000/00581606}

1

2.      The Debtor owns and operates an apartment building known as 101 Via Mizner located at 101 E. Camino Real, Boca Raton, FL 33432 (the "Property").

3.      The Debtor receives internet services pursuant to Communication Services Installation and Service Agreement (the "Services Agreement") between the Debtor and Hotwire. The Debtor and Hotwire entered into the Services Agreement on February 10, 2016. The initial term of the Services Agreement expires ten years from the date the 348th unit of the Property is leased and occupied for the first time. Accordingly, the Services Agreement had not expired as of the Petition Date.

4.      Pursuant the Services Agreement, as relevant here, Hotwire agreed to provide internet service at a speed of no less than 100 Mbps download and 20 Mbps upload to the Debtor's management office located at the Property. Services Agreement, Bulk Services Addendum, § j(b).

5.      The Services Agreement contains a confidentiality provision which makes the Services Agreement confidential and requires the Debtor to provide Hotwire a reasonable prior notice prior to public disclosure. Accordingly, a copy is not attached to this Motion. Contemporaneously herewith, the Debtor will file a motion to file the Services Agreement under seal.

6.      Prepetition, Hotwire slowed the Debtor's internet service in response to the Debtor falling behind on payments. On a post-petition basis, Hotwire has continued to throttle the Debtor's internet service down to as low as 5 Mbps upload and download speeds. Attached as **Exhibit A** to this Motion is a screenshot of a speed test conducted on May 2, 2025, showing download speed of 8.73 Mbps and upload speed of 8.48 Mbps.

7.     Bianca Abbott, the Debtor's property manager, attempted to resolve the matter with Hotwire without seeking Court intervention. Hotwire informed her that Hotwire would reinstitute normal service upon payment of Hotwire's prepetition debt.

8.     Attached hereto as **Exhibit B** is an email chain between the Debtor's counsel and Carl Lender, Hotwire's Executive VP – Palm Beach & the Greater Treasure Coast. On April 25, 2025, the Debtor's counsel counsel provided to Mr. Lender copies of the Debtor's Petition [ECF No. 1] and the Notice of Chapter 11 Bankruptcy Case [ECF No. 8]. The Debtor's counsel also demanded that Hotwire return the Debtor's internet service to normal operations or the Debtor would seek the Court's aid. Mr. Lender responded "I sent this to Legal. We will respond or do as required today." Accordingly, Hotwire has notice of the Debtor's case and the automatic stay. Contrary to Mr. Lender's response, Hotwire has not responded or resumed normal operations.

9.     The Debtor has timely paid all post-petition amounts due to Hotwire.

10.     The Debtor identified Hotwire as a party to an executory contract on its Schedule G. ECF No. 61.

## ARGUMENT

11.     Section 362(a) of the Bankruptcy Code states that the filing of a petition operates as a stay, applicable to all entities, of substantially all collection activities against the debtor and attempts to control, possess ,or levy on estate property.  *See generally* 11 U.S.C. § 362(a).  "The automatic stay is extremely broad in scope and, aside the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." *In re Montalvo*, 537 B.R. 128, 140 (Bankr. D. P.R. 2015) (quotation omitted). Specifically, § 362(a)(3) prohibits acts to obtain or exercise control over property of the Debtor's estate, and § 362(a)(6) prohibits acts to collect on prepetition claims.

12.     Executory contracts are property of a debtor's estate. *See In re Santiago*, 563 B.R. 457, 472 (Bankr. D.P.R. 2017). If the agreement is an executory contract, termination of the agreement is a violation of the automatic stay. *Id.* "As property of the estate, the debtor's interests in such contracts are protected against termination or other interference that would have the effect of removing or hindering the debtor's rights in violation of § 362(a)(3)." *In re Collecting Concepts, Inc.*, Nos. 99-60268-T, 99-6003-T, 2000 WL 1191026, at *3 (Bankr. E.D. Va. Feb. 28, 2000).

13.     Courts commonly apply two definitions to determine whether a contract is an executory contract. Under the "Countryman test", Courts ask whether both the debtor and counterparty have remaining obligations which the failure to complete would constitute a material breach. *In re Driscoll*, 401 B.R. 512, 517 (Bankr. S.D. Fla. 2009). Under the "functional test," Courts inquire whether rejection or assumption would produce benefits for the estate. *Id.*

14.     In an analogous case, this Court found that termination of internet services with a demand for payment constituted a stay violation. *In re WVF Acquisition, LLC*, 420 B.R. 902 (Bankr. S.D. Fla. 2009). In *WCF Acquisition*, the debtor, WVF Acquisition ("WVFA"), purchased dedicated internet service from WBS Connect, LLC ("WBS Connect") and sold that service to the debtor's customers. *Id.* at 907-08. When WVFA filed its petition, it sent a letter from its bankruptcy counsel to WBS to alert WBS of the bankruptcy and the automatic stay. *Id.* at 907. WBS, despite receiving the letter, terminated services to the Debtor and demanded a release in exchange for resuming services. *Id.* at 908.

**The Services Agreement Is an Executory Contract**

15.     The Debtor must continue to pay Hotwire, and Hotwire must continue to provide internet. Accordingly, both parties have obligations which the failure to complete would constitute a material breach, and the Services Agreement qualifies as an executory contract under the

Countryman test. *See In re Driscoll*, 401 B.R. at 517. Under the functional test, the Debtor's estate would benefit from assumption, as the Servies Agreement as a whole is a valuable contract governing internet services to the entire Property, or from rejection if the Debtor determines to reject the Services Agreement and avoid the remaining term in its business judgment. Accordingly, the Services Agreement is an executory contract.

**Hotwire Violated the Automatic Stay**

16.     Hotwire has throttled the Debtor's internet speeds by more than 90% from the contractual amount. While most cases concern unauthorized postpetition termination, *see In re WVF Acquisition*, reducing services by more than 90% must also violate the automatic stay. Any other holding would render the automatic stay toothless. As *Collecting Concepts* made clear, "termination *or other interference*" violates the automatic stay as an act to obtain control over property of the estate under § 362(a)(3). Worse, Hotwire's stated motivation is to force the Debtor to pay Hotwire's prepetition claim.

17.     This case presents clear factual similarities to *WVF Acquisition*. In both cases, a provider of internet services received notice of the bankruptcy case and automatic stay from the debtor's counsel, refused to perform under an executory contract, and demanded concessions in exchange for resuming service. *In re WCF Acquisition*, 420 B.R. at 907-08. As WBS violated the automatic stay, so has Hotwire.

18.     Hotwire's demands for payment are an independent violation of the automatic stay as an attempt to recover on a prepetition claim under § 362(a)(6).

**Sanctions and Punitive Damages**

19.     The Court may award damages for willful violations of the automatic stay. *In re WVF Acquisition, LLC*, 420 B.R. at 910. "A violation of the automatic stay is 'willful if the

violation (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id.* (quoting *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996)). Damages include attorney's fees incurred in connection with enforcing the automatic stay. *Id.* at 908-09. Accordingly, the Debtor seeks its fees and costs incurred in connection with enforcing the automatic stay against Hotwire.

20.     When awarding punitive damages, courts consider "(1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motive of the violator; and (5) any provocation by the debtor." *Id.* at 914.

21.     Punitive damages are appropriate in this case. After Hotwire received notice that it was in violation of the stay, and after Hotwire stated that it would "respond or do as required," Hotwire chose to continue violating federal law. The nature of its conduct weighs in favor of punitive damages. While the Debtor's harm is not extensive and limited to the inconvenience of slow internet speeds, that factor should weigh in favor of punitive damages. Creditors should not be allowed to knowingly violate the automatic stay and then hide behind the defense of limited harm. Hotwire is a large company and able to pay significant amounts in punitive damages. As to the fourth factor, Hotwire's stated motivation is to force the Debtor to pay a prepetition debt. Finally, rather than provoke Hotwire, the Debtor attempted to resolve this matter without Court intervention and without seeking sanctions. Accordingly, the Debtor requests the Court award punitive damages.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Order attached hereto as **Exhibit C**: (a) granting this Motion, (b) enforcing the automatic stay and directing Hotwire to resume providing services to the Debtor pursuant to the Service Agreement, (c) entering sanctions against Hotwire (d) awarding the Debtor

punitive damages, and (e) granting such other relief the Court deems appropriate.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
shess@slp.law

By:    /s/ Bradley S. Shraiberg
       Bradley S. Shraiberg
       Florida Bar. No. 121622
       Samuel W. Hess
       Florida Bar No. 1044184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on

May 8, 2025 and by email or first-class mail, postage prepaid on the parties listed below.

*/s/ Bradley S. Shraiberg*

Hotwire Communications Ltd.
Attn: Kristin Johnson Karp, President
1 Belmont Ave., Suite 1100
Bala Cynwyd, PA 19004

Hotwire Communications Ltd.
Attn: General Counsel
1 Belmont Ave., Suite 1100
Bala Cynwyd, PA 19004

Hotwire Communications Ltd.
c/o CT Corporation System, Reg. Agent
1200 S. Pine Island Rd.
Plantation, FL 33324

Hotwire Communications Ltd.
c/o Hotwire Communications, LLC
General Partner
3 Bala Plaza East, 7th Floor
Bala Cynwyd, PA 19004

Hotwire Communications Ltd.
clender@hotwiremail.com
matthew.mccurry@hotwiremail.com

{2505/000/00581606}

# EXHIBIT A



# EXHIBIT B

| | |
|---|---|
| **From:** | Samuel Hess |
| **Sent:** | Friday, May 2, 2025 12:47 PM |
| **To:** | Carl Lender; Matthew McCurry |
| **Cc:** | Brad S. Shraiberg |
| **Subject:** | RE: Via Mizner – Hotwire Notice of Stay Violation |

Carl,

I never received a response, and the throttle is still in place. We will file our motion to enforce the stay and seek sanctions on Monday if this is not rectified today.

Best,
Sam



Samuel Hess
Associate
Shraiberg Page P.A.
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
561-443-0800 Main
561-443-0821 Direct
561-998-0047 Fax
www.slp.law

🌲Please consider the environment before printing this e-mail.
TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R. Part 10.) The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Samuel Hess
**Sent:** Friday, April 25, 2025 10:24 AM
**To:** Carl Lender <CLender@hotwiremail.com>; Matthew McCurry <matthew.mccurry@hotwiremail.com>
**Cc:** Brad S. Shraiberg <bss@slp.law>
**Subject:** RE: Via Mizner - Hotwire Notice of Stay Violation

Carl,

Thank you for the prompt response. I will wait to hear from them.

Best,
Sam



Samuel Hess
Associate
Shraiberg Page P.A.
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
561-443-0800 Main
561-443-0821 Direct
561-998-0047 Fax
www.slp.law

🌲Please consider the environment before printing this e-mail.

TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. (The foregoing statement is made in accordance with Circular 230, 31 C.F.R. Part 10.) The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Carl Lender <CLender@hotwiremail.com>
**Sent:** Friday, April 25, 2025 10:22 AM
**To:** Samuel Hess <shess@slp.law>; Matthew McCurry <matthew.mccurry@hotwiremail.com>
**Cc:** Brad S. Shraiberg <bss@slp.law>
**Subject:** Via Mizner - Hotwire Notice of Stay Violation

[External Email]
Sam,

I sent t his to Legal. We will respond or do as required today.

Carl

Carl M. Lender | Executive VP – Palm Beach & The Greater Treasure Coast
clender@hotwiremail.com

P:       954-628-7020
M:      305-970-2598

**From:** Samuel Hess <shess@slp.law>
**Sent:** Friday, April 25, 2025 10:15 AM
**To:** Matthew McCurry <matthew.mccurry@hotwiremail.com>; Carl Lender <CLender@hotwiremail.com>
**Cc:** Brad S. Shraiberg <bss@slp.law>
**Subject:** [External]Via Mizner - Hotwire Notice of Stay Violation

> **CAUTION:** This email originated outside of Hotwire Communications. Do not click links or open attachments unless you know the content is safe.
> If you are unsure of the sender or content of this message, please report the email as suspicious for analysis using the report as phishing button. Please contact email-phishing@hotwirecommunication.com if assistance is needed.

Good evening,

We represent Via Mizner Owner I, LLC ("VMO") in its chapter 11 bankruptcy filing. For your convenience, I've attached copies of the voluntary petition and notice of the commencement of the case. Pursuant to 11 U.S.C. § 362, the filing of a bankruptcy petition operates as a stay against acts to collect on a prepetition debt or to exercise control over property of the bankruptcy estate. Additionally, VMO and Hotwire are parties to an executory contract.

My client has informed me that you have throttled their internet download speeds down to 5 Mbps in an attempt to force my client to pay amounts owed to Hotwire for prepetition services. That action is a clear attempt to collect on a prepetition claim and therefore a direct violation of the automatic stay. Please immediately cease your unlawful conduct. If you do not immediately return VMO's internet service to normal operations, we will seek an order from the Bankruptcy Court enforcing the automatic stay and granting sanctions. Please be aware that terminating services without Court approval is also a violation of the automatic stay and will result in sanctions.

VMO has timely paid its post-petition obligations. We have recently begun a sale process which we are hopeful will result in all creditors being paid in full.

Please govern yourself accordingly,

Sam



Samuel Hess
Associate
Shraiberg Page P.A.
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
561-443-0800 Main
561-443-0821 Direct
561-998-0047 Fax
www.slp.law

🌲Please consider the environment before printing this e-mail.

TREASURY DEPARTMENT CIRCULAR 230 DISCLAIMER: To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including any attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.  (The foregoing statement is made in accordance with Circular 230, 31  C.F.R. Part 10.) The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC,                                    Case No. 25-10369-EPK
(Jointly Administered)

Via Mizner Pledgor I, LLC,                                  Case No. 25-10371-EPK

    Debtors.                                        Chapter 11
_____/

**PROPOSED ORDER GRANTING MOTION TO ENFORCE AUTOMATIC STAY
AND SETTING FURTHER HEARING**

    **THIS MATTER** came before the Court for hearing on May XX, 2025, upon the

*Expedited Motion to Enforce the Automatic Stay and for Sanctions* [ECF No. XX] (the

"Motion") filed by Via Mizner Owner I, LLC (the "Debtor").[1]

    For the foregoing reasons, for the reasons stated on the record, and being otherwise fully

advised in the premises, it is **ORDERED AND ADJUDGED** that:

    1.     The Motion [ECF No. XX] is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

{2509/000/00578821}

2.      Hotwire must immediately resume providing services to the Debtor pursuant to the terms of the Service Agreement, including providing the Debtor internet service at a speed of no less than 100 Mbps download and 20 Mbps upload to the Debtor's management office located at the Property.

3.      The Court will hold a further hearing on the Motion to consider sanctions on **May XX, 2025, at 1:30 p.m.** This hearing will take place only by video conference. DO NOT GO TO THE COURTHOUSE. Attorneys must advise their clients not to appear at the courthouse. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must **register in advance no later than 3:00 p.m., one business day before the date of the hearing**. To register, click on or manually enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.

### # #

Submitted by:

Bradley S. Shraiberg, Esq.
**SHRAIBERG PAGE P.A.**
Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone:  (561) 443-0800
Facsimile:  (561) 998-0047
bss@slp.law

*Bradley S. Shraiberg, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.*