UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC                              Case No. 25-10369-EPK
                                                     (Jointly Administered)

Via Mizner Pledgor I, LLC                            Case No. 25-10371-EPK

    Debtors.
_____/

## NOTICE OF FILING FIRST AMENDMENT TO
## PURCHASE AND SALE AGREEMENT [EXECUTED]

Via Mizner Owner, I, LLC (the "Debtor"), by and through undersigned counsel, hereby files the attached fully executed First Amendment to Purchase and Sale Agreement.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive CM/ECF electronic notices in this case on June 4, 2025.

                                          **SHRAIBERG PAGE P.A.**
                                          Attorneys for the Debtor
                                          2385 NW Executive Center Drive, #300
                                          Boca Raton, Florida 33431
                                          Telephone: 561-443-0800
                                          Facsimile: 561-998-0047
                                          Email: bss@slp.law

                                      By:  */s/ Bradley S. Shraiberg*
                                               Bradley S. Shraiberg
                                             Florida Bar No. 121622

**FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT**
**(101 Via Mizner)**

**FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT** ("**Amendment**") is made and entered into by and between **VIA MIZNER OWNER I, LLC** ("**Debtor**" or "**Seller**") and **CARDONE REAL ESTATE ACQUISITIONS, LLC** ("**Purchaser**"), effective as of June 4, 2025.

**WHEREAS**, Seller and Purchaser entered into that certain Purchase and Sale Agreement dated as of June 1, 2025 (the "**Agreement**");

**WHEREAS**, Seller and Purchaser have agreed to make certain modification to the Agreement as hereafter set forth; and

**WHEREAS**, the Seller is presently a debtor-in-possession under Chapter 11 of the United States Bankruptcy Code in a case filed on January 15, 2025, and styled In re Via Mizner Owner I, LLC, Case No. 25-10369-EPK (the "**Chapter 11 Case**") pending in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"), and therefore, pursuant to Sections 363 and 365 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), the sale contemplated by this Agreement is subject under all circumstances to the approval of the Bankruptcy Court.

NOW THEREFOR, IN CONSIDERATION OF THE MODIFICATIONS SET FORTH HEREIN AND OTHER GOOD AND VALUABLE CONSIDERATION, THE PURCHASER AND SELLER AGREE TO MODIFY THE AGREEMENT AS FOLLOWS:

1. **Property Information (Section 5.1)**. Purchaser acknowledges receipt of all items of Property Information listed in **Exhibit I** except for (i) Survey, (ii) PZR Report (Zoning Compliance), and (iii) Insurance loss runs/claim history. In the event an item of Property Information is, in Purchaser's sole but reasonable opinion, unacceptable to Purchaser, Purchaser may terminate this Agreement by written notice to Seller not later than 5:00 P.M. EST on the date that is three (3) business days after the date such item was received ("**Termination Notice**"), where upon the Earnest Money shall be returned to Purchaser and the parties shall be released from all further obligations under this Agreement (except pursuant to any provisions which by their terms survive a termination of this Agreement). For avoidance of doubt, Purchaser's right of termination as contemplated herein must be exercised with respect to any specific item of Property Information, if at all, within three (3) business days after receipt of such item, and only as a result of adverse matters associated with such specific item of Property Information.

2. **Title Review and Cure (Section 5.2.1.1)**. Purchaser acknowledges receipt of the Title Commitment together with copies of all exception documents referenced therein on June 3, 2025. To the extent the Survey has not been delivered as of the Effective Date, Purchaser shall have three (3) business days from and after receipt of the Survey to review the same, but Purchaser shall only have the right to object to the Survey results to the extent the Survey identifies any matter or condition which materially and adversely affects title to the Property or its current use.

3. **Changes to the Title Commitment (Section 5.2.3)**. It is agreed that "Purchaser's Updated Title Notice" may only raise new title and/or Survey matters that result in a material and

adverse condition which materially and adversely affects title to the Property or Purchaser's intended use.

4. **Notice Regarding Seller's Representations and Warranties (Section 9.4)**. The following language is deleted "or which results in any of Purchaser's investors or capital partners retracting their commitment of equity to finance the purchase of the Property."

5. **Seller Defaults (Section 11.2)**. Section 11.2 is hereby revised in its entirety to read as follows:

> "Default by Seller. If Seller fails to perform any of its material covenants of agreements contained herein which are to be performed by Seller within ten (10) business days after written notice from Purchaser with reasonable specificity of such default(s) (except in the case of a default in Seller's obligation to convey the Property to Purchaser at Closing in accordance with the terms and conditions of this Agreement in which case no notice shall be required) ("**Seller Default**"), Purchaser may elect, as its sole remedy, to (1) terminate this Agreement by written notice thereof to Seller, in which event (i) Escrow Agent shall immediately return the Earnest Money to Purchaser, (ii) Seller shall reimburse Purchaser for its reasonable and verifiable Purchaser Reimbursable Expenses up to a cap of $100,000, and (iii) to the extent approved by the Bankruptcy Court pursuant to the requirements of the Bid Procedures, and under the terms and conditions set forth in Section 13.19 below, Seller shall pay the Termination Fee (as defined below) to Purchaser; or (2) exercise specific performance by filing a lawsuit asserting such claim or cause of action in the county in which the Real Property is located; provided that notwithstanding anything herein to the contrary, if Purchaser fails to exercise specific performance by filing a lawsuit asserting such claim or cause of action in the county in which the Real Property is located within thirty (30) days of the Seller Default, then Purchaser may not exercise the remedy described in this clause (2). Except as set forth in this Section 11.2, Purchaser hereby waives the right to seek to enforce any other remedy against Seller, including without limitation a suit for monetary damages. Purchaser agrees not to file a *lis pendens* or other similar notice against the Real Property. Additionally, any remedy of Purchaser contemplated or otherwise available herein pursuant to this Section 11.2 should be sought only in the Bankruptcy Court for the Southern District of Florida."

6. **Miscellaneous**. This Amendment may be executed in multiple counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument. Scanned signatures shall be effective for purposes of this Amendment. An executed or e-mail delivery of a ".pdf" format data file or electronic signature via DocuSign shall be an acceptable form of execution of this Amendment. Except as expressly modified in this Amendment, the Agreement will continue in full force and effect according to its terms, and Seller and Purchaser hereby ratify and affirm all of their respective rights and obligations under the Agreement. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

[Signatures on following page]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

**SELLER**

**VIA MIZNER OWNER I, LLC**, a Florida limited liability company

By: _____
Name: Mark A. Gensheimer
Title:  Manager


**PURCHASER**

**CARDONE REAL ESTATE ACQUISITIONS, LLC**, a Delaware limited liability company

By: _____
Name: Grant Cardone
Title:  Manager

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

**SELLER**

**VIA MIZNER OWNER I, LLC**, a Florida limited liability company

By: _____
Name: Mark A. Gensheimer
Title: Manager

**PURCHASER**

**CARDONE REAL ESTATE ACQUISITIONS, LLC**, a Delaware limited liability company

By: _____
Name: Grant Cardone
Title: Manager

3