UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

VIA MIZNER OWNER I, LLC,                                      Case No. 25-10369-EPK
                                                             (Jointly Administered)
VIA MIZNER PLEDGOR I, LLC                            Case No. 25-10371-EPK

    Debtors.                                                    Chapter 11
_____/

### *EMERGENCY* MOTION TO APPROVE ASSUMPTION
### AND ASSIGNMENT PROCEDURES

**Basis for Emergency Relief:**

**The Debtor is scheduled to conduct an auction of substantially all of its assets on July 8, 2025, and the Court will hold a hearing to consider approval of the sale of those assets on July 10, 2025. In connection with the sale, the Debtor will seek to assume and assign certain executory contracts and unexpired leases at closing, including to as yet unidentified qualified bidders. The Debtor must receive approval to assume and assign those contracts and leases prior to closing, which may occur as early as July 18, 2025. Accordingly, the Debtor requests the Court hold a hearing on this Motion no later than June 27, 2025.**

Via Mizner Owner I, LLC (the "**Debtor**" or "**Seller**"), pursuant to 11 U.S.C. §§ 365(a), and 365(f), requests the entry of an order establishing procedures **(i)** for the Stalking Horse Bidder's or Successful Bidder's designation of executory contracts and unexpired leases for the Debtor's assumption and assignment to the Stalking Horse Bidder or Successful Bidder and **(ii)** for parties to object to such assumption and assignment. In support, the Debtor states as follows:

### FACTUAL BACKGROUND

1.    The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on January 15, 2025.

2.    The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      The Debtor is a Florida limited liability company whose principal place of business is in Boca Raton. The Debtor owns and operates the 101 Via Mizner apartments located at 101 E. Camino Real, Boca Raton, FL 33432 (the "**Real Property**"). ZRS Management LLC manages the Property for the Debtor. The Property comprises 366 luxury apartments ranging from studios to 3-bedroom units.

4.      On April 28, 2025, the Court entered an order approving Bid Procedures. ECF No. 108.

5.      On June 5, 2025, the Court entered an order approving the Debtor's entry into the Purchase and Sale Agreement ("**PSA**") with Cardone Real Estate Acquisitions, LLC (the "**Stalking Horse Bidder**") as the stalking horse bidder for the sale of substantially all the Debtor's assets. ECF No. 135[1].  The Court also entered an order approving a rescheduled date for an auction of substantially all of the Debtor's assets and set a hearing to approve such a sale for July 10, 2025. ECF No. 134. The PSA is subject to higher and better offers in connection with the sale of substantially all of the Debtor's assets.

6.      On June 10, 2025, the Court entered an amended order modifying the Bid Procedures including, as relevant here, extending the deadline to submit a Qualified Bid to June 26, 2025, at 11:59 p.m. (the "**Qualified Bid Deadline**").

7.      As more fully described in the PSA, if successful at the Auction, Stalking Horse Bidder has agreed to purchase substantially all of the Debtor's assets (the "**Property**") including (i) the Real Property ; (ii) all furniture, fixtures, equipment, and other tangible personal property owned by the Debtor located in or on the Real Property; (iii) the Debtor's interest in all residential leases; and (iv)  the Debtor's interest in all non-residential leases. The PSA also provides for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Motion to Approve Bid Procedures or the Motion to Approve Stalking Horse Bidder [ECF Nos. 103, 125], as applicable.

assumption and assignment by the Debtor of the contracts listed on Schedule 5.4.1 of the PSA (the "**Assumed Contracts**"). Pursuant to Schedule 5.4.1 of the PSA, the Assumed Contracts are: the contract with Navitas Credit Corp. for fitness equipment; the contract with Platinum Group Security for concierge services; the contract with Hotwire for cable and internet; the contract with Otis for elevator services; and the contract with Life Safety Service for advanced fire and security services. The PSA provides that the Debtor will pay all cure costs, if any.

8.     Relevant terms of the PSA are reiterated in the following bullet points:

- Subject to the entry of the Sale Order, the Closing shall occur on that date which is no later than thirty (30) days after the Sale Order is entered by the Bankruptcy Court (the "**Closing Date**").

- Subject to the terms and conditions of the PSA, Seller agrees to sell, assign and transfer to Stalking Horse Bidder and Stalking Horse Bidder agrees to purchase from Seller all of Seller's right, title and interest in the Property, including:

  o The Seller's interest in all residential residency agreements, leases, licenses, concessions, and other use or occupancy agreements of space in the Improvements (including all leases and reservations for leases that have not commenced), and all guaranties related thereto and all security deposits outstanding thereunder (together with any interest thereon pursuant to applicable law or the applicable lease or other document) in effect as of the Closing Date (collectively, the "**Residential Leases**").

  o The Seller's interest in all non-residential leases, licenses, concessions, and other use or occupancy agreements of space in the Improvements (including all leases and reservations for leases that have not commenced), and all guaranties related thereto and all security deposits outstanding thereunder (together with any interest thereon pursuant to applicable law or the applicable lease or other document) in effect as of the Closing Date, if any (collectively, the "**Retail Leases**").

  o To the extent assignable at no cost to Seller, all of Seller's interests in all management, leasing, service, supply, utility, equipment rental, webhosting, maintenance, repair and other contracts and agreements related to the operation, management, leasing, repair or maintenance of the Real Property, other than the Rejected Contracts.

9.     Because the Purchased Assets will include the assignment of certain of the Debtor's executory contracts and unexpired leases selected by the Stalking Horse Bidder or Successful Bidder on the date of closing of the sale (the "**Closing Date**"), and the Debtor will not know

whether a Successful Bidder will outbid the Stalking Horse Bidder at the Auction, the Debtor requests that the Court approve the following procedures for the assumption and assignment of executory contracts (the "**Assumption and Assignment Procedures**"), pending closing of the sale:

10.     The Debtor will not be deemed to have assumed or rejected any executory contract or unexpired lease until the closing of the sale of the Debtor's assets.

11.     Stalking Horse Bidder or Qualified Bidder shall have until no later than **June 30, 2025** to designate, if any, the contracts that Stalking Horse Bidder or Qualified Bidder desires the Seller to assume and assign to Stalking Horse Bidder or Qualified Bidder at Closing (the "**Assumed Contracts**") and the Contracts Stalking Horse Bidder or Qualified Bidder would like Seller to terminate or reject at Closing (the "**Rejected Contracts**"). Stalking Horse Bidder or Qualified Bidder shall identify to Seller in writing (the "**Contract Notice**") which of the Contracts Stalking Horse Bidder or Qualified Bidder desires to assume. The Seller, at its option, shall either terminate the Rejected Contracts pursuant to their respective terms, or file a motion seeking to reject the Rejected Contracts pursuant to section 365 of the Bankruptcy Court, in either case at or prior to Closing, at Seller's sole cost and expense, with Seller providing reasonable written evidence of such rejection or termination. If Stalking Horse Bidder or Qualified Bidder fails to timely designate a Contract as an Assumed Contract, then Stalking Horse Bidder or Qualified Bidder shall be deemed to have elected to have Seller reject or terminate any such Contracts. Pursuant to the Bid Procedures, Seller agrees to seek approval from the Bankruptcy Court to assume and assign the Assumed Contracts to Stalking Horse Bidder pursuant to section 365 of the Bankruptcy Code.

12.     No later than **July 2, 2025**, the Debtor shall serve the Assumption Notice attached hereto as **Exhibit A** to the counterparty (each, a "Counterparty") to each executory contract listed

on Schedule 5.2.1 to the PSA and on each Counterparty to an executory contract identified by Qualified Bidders for assumption if such Qualified Bidder becomes the Successful Bidder. The Assumption Notice shall set forth a good faith estimate of the amount of the Cure Costs applicable to each executory contract. If the Stalking Horse Bidder or Qualified Bidder designates any additional contracts for assumption and assignment (each, an "**Additional Contract**"), the Debtor shall file and serve an amended Assumption Notice within two business days following designation of any Additional Contracts.

13.    Any objection to the Cure Costs (a "**Cure Cost Objection**") or to adequate assurance of future performance by the Stalking Horse Bidder (a "**Stalking Horse Performance Objection**") or Qualified Bidder (a "**Qualified Bidder Performance Objection**") must (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and Local Rules; (d) be filed with the Court on or before **4:00 p.m. (prevailing Eastern Time) on July 15, 2025** (the "Contract Objection Deadline") ; and (e) be served, so as to be received the same day as the objection is filed, upon the following parties (the "**Objection Notice Parties**"): (1) *the Debtor*, c/o (i) Shawn O'Brien, 1515 N. Federal Hwy., Ste. 306, Boca Raton, FL 33432, and (ii) *bankruptcy counsel for the Debtors*, Shraiberg Page P.A., 2385 NW Executive Center Dr., Suite 300, Boca Raton, Florida 33431 (Attn: Bradley S. Shraiberg, Esq. (bss@slp.law) and Samuel W. Hess, Esq. (shess@slp.law)); *counsel for the Agent*, Jones Day, 600 Brickell Ave., Suite 3300, Miami, Florida 33131 (Attn: Gary Kaplan, Esq. (gkaplan@jonesday.com) and Emma Cervantes, Esq. (ecervantes@jonesday.com)); if a Stalking Horse Performance Objection, *counsel for the Stalking Horse Bidder*, Wilson Cribbs + Goren, 1233 West Loop South, Suite 800, Houston, Texas 77027 (Attn: Anthony L. Marre (amarre@wcglaw.com)) or, if a Qualified Bidder Performance Objection, *counsel for the Qualified Bidder*; and *the Office of the United Sates Trustee*, 51 SW First Ave., Room 1204, Miami, Florida 33130.

14.     Unless a Counterparty files a timely Cure Cost Objection, such Counterparty shall be forever barred from objecting to the Cure Costs and forever barred and estopped from asserting or claiming any Cure Costs against the Debtor, the Stalking Horse Bidder, or a Successful Bidder. Unless a Counterparty files a timely Stalking Horse Performance Objection or Qualified Bidder Performance Objection, such Counterparty shall be forever barred and estopped from objecting to the assignment of its contract to the Stalking Horse Bidder or Qualified Bidder on the basis of adequate assurance of future performance.

*Assumption and Assignment of Residential and Retail Leases*

15.     Pursuant to the PSA, the Debtor seeks to assume and assign to the Stalking Horse Bidder all leases encumbering the Property. Those lessees are residential tenants (the "Residential Tenants" and such leases, the "Residential Leases") and CitiBank, N.A. (the "Retail Tenant" and such lease, the "Retail Lease"). The Retail Lease is in the second of six 5-year renewal options and has a term running through May 2029. The Residential Leases had initial terms of up to 15 months and have varying remaining terms. The Debtor does not believe any defaults exist as to the Residential Leases or Retail Lease.

16.     No later than three business days following the entry of an order granting this motion, the Debtor will serve the Lease Assumption Notice attached hereto as **Exhibit B** on the Residential Tenants and Retail Tenant.

17.     The Residential Tenants and Retail Tenant must file any Cure Costs Objection, Stalking Horse Performance Objection, or Qualified Bidder Performance Objection in writing with the Court no later than (i) **July 15, 2025, at 4:00 p.m.**. Any such objection must be served, so as to be received the same day as the objection is filed, upon the Objection Notice Parties..

*Resolution of Objections and Payment of Cure Costs*

18.     If any Counterparty files a Cure Cost Objection, Stalking Horse Performance

4904-9514-6767, v. 1

Objection, or Qualified Bidder Performance Objection, the Debtor, the Counterparty, and the Stalking Horse Bidder or Qualified Bidder (if such Qualified Bidder becomes the Successful Bidder) shall work cooperatively to promptly resolve such objection. The Debtor requests the Court set an evidentiary hearing for **July 16, 2025**, to rule on any unresolved Stalking Horse Performance Objection or Qualified Bidder Performance Objection. If the parties cannot resolve a Cure Cost Objection on a timely basis, the Debtor, Counterparty, or Stalking Horse Bidder or Qualified Bidder may request the Court resolve the Cure Cost Objection at the Court's earliest availability. As to Cure Cost Objections, the Debtor shall be authorized to resolve such objections without further notice or hearing by filing a stipulation of Cure Costs with the Court. If a Counterparty files a Cure Cost Objection but not a Stalking Horse Performance Objection or Qualified Bidder Performance Objection, the Debtor shall be authorized to assume and assign the applicable Contract notwithstanding the pending Cure Cost Objection. Within two business days of the Closing Date, the Debtor shall file and serve a notice of contracts assumed and assigned to the Stalking Horse Bidder or Qualified Bidder, as applicable.

19.     Within two business days of the Closing Date, the Debtor shall pay all Cure Costs to the applicable Counterparty. With respect to Cure Costs that are disputed as of the Closing Date, the Debtor will pay such Cure Costs within five business days following resolution of the dispute.

## **RELIEF REQUESTED**

A.     **The Court Should Approve the Proposed Procedure for the Assumption and Assignment (and Objection) to the Executory Contacts and Leases Included in the Purchased Assets.**

20.     As a Debtor in Possession, the Debtor may assume and assign executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365(a) and (f). If a default exists under the executory contract or unexpired lease, the debtor in possession must, at the time of assumption, cure such default or provide adequate assurance that it will promptly cure such default. 11 U.S.C.

§ 365(b)(1). A debtor in possession may assign an executory contract or unexpired lease if the debtor in possession assumes the contract or lease in accordance with § 365 and "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

21.    "The authority to [assume or] reject certain contracts is essential to the bankruptcy process and provides a mechanism through which extreme economic burdens may be alleviated while the debtor attempts to reorganize." *In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998). "Ordinarily, the decision to assume or reject and executory contract is left entirely to the debtor." *Id*. (citing In re Sun City Investments, Inc., 89 B.R. 245, 248 (Bankr. M.D. Fla. 1988)). "Subsequently, the Court should give perfunctory approval of the decision subject only to the business judgment rule." *Id*. (citing In re Sun City Investments, Inc., 89 B.R. at 248).

22.    Courts frequently approve assumption and assignment procedures in connection with the sale of substantially all of a debtor's assets. *See In re Evergreen Solar, Inc.*, Case No. 11-12590 (MFW) (Bankr. D. Del. 2011); *In re Community Healthcare of Douglas, Inc.*, Case No. 4:13-bk-01738-BMW, 2013 WL 12291504 (Bankr. D. Ari. 2013); *In re ATP Oil & Gas Corp.*, Case No. 12-36187, 2009 WL 10816787 (Bankr. S.D. Tex. 2009).

23.    The proposed Assumption and Assignment Procedures are appropriate and reasonably tailored to provide each Counterparty with adequate notice of the proposed assumption and assignment of the applicable Contract, as well as proposed Cure Costs, if applicable. Each Counterparty will have an opportunity to object to such notice and proposed assumption and assignment. The Assumption and Assignment Procedures comply with § 365 and Bankruptcy Rule 6006. Parties in interest will receive sufficient notice and opportunity to object to any proposed assumption and assignment. Accordingly, the Assumption and Assignment Procedures are a proper implementation of § 365 and Bankruptcy Rule 6006.

24.     The assumption and assignment of the Debtor's contracts and leases will increase the potential sale price of the Debtor's assets because the Stalking Horse Bidder or Successful Bidder will select those contracts which they wish to purchase. Logically, the Stalking Horse Bidder or Successful Bidder will select only those contracts which increase the value of the sale. Accordingly, the assumption and assignment of the selected contracts is in the Debtor's business judgment.

**WHEREFORE**, the Debtor requests that the Court enter an order, substantially in the form of the order attached hereto as **Exhibit C**, (i) granting this Motion; and (ii) approving the Assumption and Assignment Procedures.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**

Attorneys for the Debtors
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
shess@slp.law

By:   */s/ Bradley S. Shraiberg*
Bradley S. Shraiberg
Florida Bar No. 121622
Samuel W. Hess
Florida Bar No. 1044184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on June 25, 2025.

*/s/ Bradley S. Shraiberg*

# EXHIBIT A

4904-9514-6767, v. 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC                                    Case No. 25-10369-EPK
(Jointly Administered)

Via Mizner Pledgor I, LLC                                  Case No. 25-10371-EPK

     Debtors.

_____/

## ASSUMPTION NOTICE

**PLEASE TAKE NOTICE** that on June XX, 2025, the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") entered the *Order Granting Emergency Motion to Approve Assumption and Assignment Procedures* [ECF No. XXX] (the "Assumption and Assignment Procedures Order").

**PLEASE TAKE FURTHER NOTICE** the Bankruptcy Court approved Via Mizner Owner I, LLC's (the "Debtor") entry into the Purchase and Sale Agreement with Cardone Real Estate Acquisitions, LLC as the **Stalking Horse Bidder** in connection with the sale of substantially all of the Debtor's assets.

**PLEASE TAKE FURTHER NOTICE** that [Qualified Bidders] (each, a "**Qualified Bidder**") has submitted a qualified bid to purchase substantially all of the Debtor's assets in connection with an auction scheduled for **July 8, 2025, at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks to assume and assign to the [Stalking Horse Bidder OR Successful Bidder] the executory contracts on the list attached hereto. Any objection to the Cure Costs (a "**Cure Cost Objection**") or to adequate assurance of future performance by the Stalking Horse Bidder (a "**Stalking Horse Performance Objection**") or a Qualified Bidder (a "**Qualified Bidder Performance Objection**") must be (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and Local Rules; (d) be filed with the Court on or before **4:00 p.m. (prevailing Eastern Time) on July 15, 2025** (the "Contract Objection Deadline"); and (e) be served, so as to be received the same day as the objection is filed, upon (the following parties, the "**Objection Notice Parties**"): (1) *the Debtor*, c/o (i) Shawn O'Brien, 1515 N. Federal Hwy., Ste. 306, Boca Raton, FL 33432, and (ii) *bankruptcy counsel for the Debtors*, Shraiberg Page P.A., 2385 NW Executive Center Dr., Suite 300, Boca Raton, Florida 33431 (Attn: Bradley S. Shraiberg, Esq. (bss@slp.law) and Samuel W. Hess, Esq. (shess@slp.law)); *counsel for the Agent*, Jones Day, 600 Brickell Ave., Suite 3300, Miami, Florida 33131 (Attn: Gary Kaplan, Esq. (gkaplan@jonesday.com) and Emma Cervantes, Esq. (ecervantes@jonesday.com)); if a Stalking Horse Performance Objection, *counsel for the Stalking Horse Bidder*, Wilson Cribbs + Goren, 1233 West Loop South, Suite 800, Houston, Texas 77027

1

(Attn: Anthony L. Marre (amarre@wcglaw.com)) or, if a Qualified Bidder Performance Obection, *counsel for the Qualified Bidder* []; and *the Office of the United Sates Trustee*, 51 SW First Ave., Room 1204, Miami, Florida 33130.

**PLEASE TAKE FURTHER NOTICE** that if you fail to timely file and serve a Cure Cost Objection, you shall be forever barred from objecting to the Cure Costs and forever barred and estopped from asserting or claiming any Cure Costs against the Debtor, the Stalking Horse Bidder, or a Qualified Bidder.

**PLEASE TAKE FURTHER NOTICE** that if you fail to timely file and serve a Stalking Horse Performance Objection or Qualified Bidder Performance Objection, you shall be forever barred and estopped from objecting to the assignment of your Contract to the Stalking Horse Bidder or Qualified Bidder on the basis of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file an objection to the Debtor's assumption and assignment of your Contract, then the Debtor shall be authorized to assume and assign your Contract to the Stalking Horse Bidder or a Qualified Bidder upon the closing of the sale of substantially all of the Debtor's assets. The Debtor shall not be deemed to assume or reject your Contract pending the closing of the sale.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an evidentiary hearing on **July XX, 2025, at _:__ _.m.** to resolve any timely filed Stalking Horse Performance Objection or Qualified Bidder Performance Objection (as applicable, depending on the auction results) at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Dr., Suite 801, Courtroom B, West Palm Beach, FL 33401.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**

Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
shess@slp.law

By:   */s/ Bradley S. Shraiberg*
Bradley S. Shraiberg
Florida Bar No. 121622
Samuel W. Hess
Florida Bar No. 1044184

## <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing to parties registered to receive electronic service in this case and by first class mail on the parties listed below on [Date].

_/s/_____

[List of Counterparties and Addresses]

### LIST OF CONTRACTS TO BE ASSUME AND ASSIGNED

| Counterparty | Description of Contract | Proposed Cure Cost |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

# EXHIBIT B

4904-9514-6767, v. 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC                                    Case No. 25-10369-EPK
(Jointly Administered)

Via Mizner Pledgor I, LLC                                 Case No. 25-10371-EPK

      Debtors.
_____/

## LEASE ASSUMPTION NOTICE

**PLEASE TAKE NOTICE** that on June XX, 2025, the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") entered the *Order Granting Emergency Motion to Approve Assumption and Assignment Procedures* [ECF No. XXX] (the "Assumption and Assignment Procedures Order").

**PLEASE TAKE FURTHER NOTICE** the Bankruptcy Court approved Via Mizner Owner I, LLC's (the "Debtor") entry into the Purchase and Sale Agreement with Cardone Real Estate Acquisitions, LLC as the **Stalking Horse Bidder** in connection with the sale of substantially all of the Debtor's assets.

**PLEASE TAKE FURTHER NOTICE** that [Qualified Bidders] (each, a "**Qualified Bidder**") has submitted a qualified bid to purchase substantially all of the Debtor's assets in connection with an auction scheduled for **July 8, 2025, at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks to assume and assign to the Stalking Horse Bidder the lease (the "**Lease**") between you and the Debtor. The Debtor does not believe any cure costs ("**Cure Costs**") are owed under your Lease. Any objection to the Cure Costs (a "**Cure Cost Objection**") or to adequate assurance of future performance by the Stalking Horse Bidder (a "**Stalking Horse Performance Objection**") or any Qualified Bidder (a "**Qualified Bidder Performance Objection**") must be (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and Local Rules; (d) be filed with the Court by the later of: (i) on or before **4:00 p.m. (prevailing Eastern Time) on July 15, 2025** (the "Lease Objection Deadline"); and (e) be served, so as to be received the same day as the objection is filed, upon (the following parties, the "**Objection Notice Parties**"): (1) *the Debtor*, c/o (i) Shawn O'Brien, 1515 N. Federal Hwy., Ste. 306, Boca Raton, FL 33432, and (ii) *bankruptcy counsel for the Debtors*, Shraiberg Page P.A., 2385 NW Executive Center Dr., Suite 300, Boca Raton, Florida 33431 (Attn: Bradley S. Shraiberg, Esq. (bss@slp.law) and Samuel W. Hess, Esq. (shess@slp.law)); *counsel for the Agent*, Jones Day, 600 Brickell Ave., Suite 3300, Miami, Florida 33131 (Attn: Gary Kaplan, Esq. (gkaplan@jonesday.com) and Emma Cervantes, Esq. (ecervantes@jonesday.com)); if a Stalking Horse Performance Objection, *counsel for the Stalking*

*Horse Bidder*, Wilson Cribbs + Goren, 1233 West Loop South, Suite 800, Houston, Texas 77027 (Attn: Anthony L. Marre (amarre@wcglaw.com)) or, if a Qualified Bidder Performance Objection, to *counsel for the Qualified Bidder* []; and *the Office of the United Sates Trustee*, 51 SW First Ave., Room 1204, Miami, Florida 33130.

**PLEASE TAKE FURTHER NOTICE** that if you fail to timely file and serve a Cure Cost Objection, you shall be forever barred from objecting to the Cure Costs and forever barred and estopped from asserting or claiming any Cure Costs against the Debtor, the Stalking Horse Bidder, or a Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that if you fail to timely file and serve a Stalking Horse Performance Objection or Qualified Bidder Performance Objection, you shall be forever barred and estopped from objecting to the assignment of your Lease to the Stalking Horse Bidder or Qualified Bidder on the basis of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file an objection to the Debtor's assumption and assignment of your Lease, then the Debtor shall be authorized to assume and assign your Lease to the Stalking Horse Bidder or Qualified Bidder upon the closing of the sale of substantially all of the Debtor's assets. The Debtor shall not be deemed to assume or reject your Lease pending the closing of the sale.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an evidentiary hearing on **July XX, 2025, at _:__ _.m.** to resolve any timely filed Stalking Horse Performance Objection or Qualified Bidder Performance Objection (as applicable depending on the auction results) at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Dr., Suite 801, Courtroom B, West Palm Beach, FL 33401.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**

Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
shess@slp.law

By: ___*/s/ Bradley S. Shraiberg*_____
     Bradley S. Shraiberg
     Florida Bar No. 121622
     Samuel W. Hess
     Florida Bar No. 1044184

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by [first class mail to the Residential Tenants, a confidential list of whom the Debtor maintains] OR [first class mail to Citibank N.A., Attn: Sunil Garg, CEO, 388 Greenwich St., 26th Floor, New York, NY 10013; to Citibank N.A. c/o Citigroup Realty Services, 200 S. Biscayne Blvd., Miami, FL 33131, Attn: Lease Administration, Re: Via Mizner,B Boca Raton, Florida; and to Citigroup, Inc., One Court Square, 45th Floor, Long Island City, NY 11120, Attn: General Counsel Real Estate, Re: Via Mizner, Boca Raton, Florida] on [date].

                                                                _/s/_ _____

# EXHIBIT C

4904-9514-6767, v. 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

Via Mizner Owner I, LLC                                  Case No. 25-10369-EPK
(Jointly Administered)

Via Mizner Pledgor I, LLC                               Case No. 25-10371-EPK

     Debtors.
_____/

**PROPOSED ORDER GRANTING *EMERGENCY* MOTION TO**
**APPROVE ASSUMPTION AND ASSIGNMENT PROCEDURES**

This matter came before the Court upon the *Emergency Motion to Approve Assumption and Assignment Procedures* [ECF No. XXX] (the "Motion")[1] filed by Via Mizner Owner I, LLC (the "Debtor").

For the reasons stated on the record, and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED:

1.    The Motion [ECF No. XXX] is GRANTED.

2.    The Assumption and Assignment Procedures are APPROVED in their entirety.

3.    The Debtor shall not be deemed to have assumed or assigned any executory contracts or unexpired leases pending the closing of the sale of the Debtor's assets.

4.    No later than July 2, 2025, the Debtor shall serve the Assumption Notice, substantially in the form attached hereto as **Exhibit A**, on each Counterparty to the executory contracts listed on Schedule 5.2.1 to the PSA and on each Counterparty to an executory contract identified by Qualified Bidders for assumption if such Qualified Bidder becomes the Successful Bidder. The Assumption Notice shall set forth a good faith estimate of the amount of the Cure Costs applicable to each Contract..

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Motion.

5.      Any objection to the Cure Costs (a "**Cure Cost Objection**") or to adequate assurance of future performance by the Stalking Horse Bidder (a "**Stalking Horse Performance Objection**") or a Qualified Bidder (a "**Qualified Bidder Performance Objection**") must (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and Local Rules; (d) be filed with the Court by the later of: (i) on or before **4:00 p.m. (prevailing Eastern Time) on July 15, 2025** (the "Contract Objection Deadline") or (ii) solely for Counterparties to Additional Contracts, no later than **ten calendar days** after the date of service of an amended Assumption Notice identifying the Additional Contract; and (e) be served, so as to be received the same day as the objection is filed, upon (the following parties, the "**Objection Notice Parties**"): (1) *the Debtor*, c/o (i) Shawn O'Brien, 1515 N. Federal Hwy., Ste. 306, Boca Raton, FL 33432, and (ii) *bankruptcy counsel for the Debtors*, Shraiberg Page P.A., 2385 NW Executive Center Dr., Suite 300, Boca Raton, Florida 33431 (Attn: Bradley S. Shraiberg, Esq. (bss@slp.law) and Samuel W. Hess, Esq. (shess@slp.law)); *counsel for the Agent*, Jones Day, 600 Brickell Ave., Suite 3300, Miami, Florida 33131 (Attn: Gary Kaplan, Esq. (gkaplan@jonesday.com) and Emma Cervantes, Esq. (ecervantes@jonesday.com)); if a Stalking Horse Performance Objection, *counsel for the Stalking Horse Bidder*, Wilson Cribbs + Goren, 1233 West Loop South, Suite 800, Houston, Texas 77027 (Attn: Anthony L. Marre (amarre@wcglaw.com)) or, if a Qualified Bidder Performance Objection, *counsel for the applicable Qualified Bidder*; and *the Office of the United Sates Trustee*, 51 SW First Ave., Room 1204, Miami, Florida 33130.

6.      Unless a Counterparty files a timely Cure Cost Objection, such Counterparty shall be forever barred from objecting to the Cure Costs and forever barred and estopped from asserting or claiming any Cure Costs against the Debtor, the Stalking Horse Bidder, or a Qualified Bidder.

7.      Unless a Counterparty files a timely Stalking Horse Performance Objection or Qualified Bidder Performance Objection, such Counterparty shall be forever barred and estopped from objecting to the assignment of its Contract to the Stalking Horse Bidder or Qualified Bidder on the basis of adequate assurance of future performance, as applicable.

8.      No later than three business days following the entry of this Order, the Debtor shall serve the Lease Assumption Notice, substantially in the form attached hereto as **Exhibit B**, on the Residential Tenants and Retail Tenant.

9.      The Residential Tenants and Retail Tenant must file any Cure Costs Objection, Stalking Horse Performance Objection, or Qualified Bidder Performance Objection in writing with the Court no later than **July 15, 2025, at 4:00 p.m.**...

10.     If any Counterparty files a Cure Cost Objection, Stalking Horse Performance Objection, or Successful Bidder Performance Objection, the Debtor, the Counterparty, and the Stalking Horse Bidder or Qualified Bidder shall work cooperatively to promptly resolve such objection. The Court shall hold an evidentiary hearing on **July _, 2025, at _:__ _.m.** at which the Court will rule on any unresolved Stalking Horse Performance Objection or Qualified Bidder Performance Objection, as applicable. The evidentiary hearing will take place at the United States Bankruptcy Court, Flagler Waterview Building, 1515 N. Flagler Dr., Suite 801, Courtroom B, West Palm Beach, FL 33401.

11.     If the parties cannot resolve a Cure Cost Objection on a timely basis, the Debtor, Counterparty, or Stalking Horse Bidder or Successful Bidder may request the Court resolve the objection at the Court's availability. The Debtor is authorized to resolve Cure Cost Objections without further notice or hearing by filing a stipulation of Cure Costs with the Court.

12.     If a Counterparty files a Cure Cost Objection but not a Stalking Horse Performance Objection or Qualified Bidder Performance Objection, the Debtor shall be

authorized to assume and assign the applicable Contract or Lease notwithstanding the pending Cure Cost Objection.

13.     Within two business days of the Closing Date, the Debtor shall pay all Cure Costs to the applicable counterparty. With respect to Cure Costs that are disputed as of the Closing Date, the Debtor will pay such Cure Costs within five business days following resolution of the dispute.

14.     The Debtor is authorized to assume and assign the Assumed Contracts to the Stalking Horse Bidder or Successful Bidder on the Closing Date pursuant to the Assumption and Assignment Procedures described in the Motion and this Order.

15.     Within two business days of the Closing Date, the Debtor shall file and serve a notice of contracts which have been assumed and assigned at Closing to the Stalking Horse Bidder or Successful Bidder, as applicable.

# # #

Submitted by:

Bradley S. Shraiberg, Esq.
**SHRAIBERG PAGE, P.A.**
Attorneys for the Debtors
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

*Bradley S. Shraiberg, Esq. shall serve a copy of this Order on all parties in interest and file a certificate of service with the Court.*