

ORDERED in the Southern District of Florida on July 17, 2025.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

VIA MIZNER OWNER I, LLC,                                Case No. 25-10369-EPK
(Jointly Administered)

    Debtors.                                                                    Chapter 11
_____/

## ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, RESIDENTIAL LEASES, AND RETAIL LEASE

**THIS MATTER** came before the Court for hearing on July 16, 2025 (the "Hearing"), to consider any timely filed Stalking Horse Performance Objection pursuant to the *Order Granting Emergency Motion to Approve Assumption and Assignment Procedures* [ECF No. 149] (the "Procedures Order") and the *Emergency Motion to Approve Assumption and Assignment Procedures* [ECF No. 145] (the "Procedures Motion").[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Procedures Order or Procedures Motion, as applicable.

At the hearing, the Court admitted into evidence the Declaration of Grant Cardone.

For the reasons states on the record, and being otherwise fully advised in the premises, the it is FOUND AND DETERMINED:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.[2]

B.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in the Motion is 11 U.S.C. §§ 365.

C.      Due and adequate notice of the Procedures Motion, the Procedures Order, the Hearing, and of the relief requested therein has been given in accordance with the provisions of 11 U.S.C. §§ 102(1) and 365, and Bankruptcy Rule 6006. No other or further notice of the Procedures Motion is or shall be required.

D.      On July 11, 2025, the Court entered the *Order Approving Sale of Debtor's Assets* [ECF No. 170] (the "Sale Order").[3]

E.      The Assumption Notice [ECF No. ], Amended Assumption Notice [ECF No. 163], Lease Assumption Notice [ECF No. ], and Amended Lease Assumption Notice [ECF No. 164] were properly filed and served, and Counterparties received due and adequate notice of the proposed Cure Costs.

F.      No Counterparty filed a Cure Cost Objection or Stalking Horse Performance

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

[3] The terms Closing, Closing Date, and Purchaser shall have the meaning ascribed to them in the Sale Order.

Objection or otherwise objected to the proposed Cure Costs or the assumption and assignment of the Counterparty's executory contract or unexpired lease.

Accordingly, for the foregoing reasons and the reasons stated on the record, and being otherwise fully advised in the premises, it is **ORDERED** and **ADJUDGED** that:

1. The Debtor is authorized to assume and assign the Assumed Contracts, the Residential Leases, and the Retail Lease to the Purchaser at the Closing.

2. The Purchaser has provided adequate assurance of future performance under the Assumed Contracts, Residential Leases, and Retail Lease within the meaning of 11 U.S.C. §§ 365(b) and 365(f)(2)(B). All other requirements and conditions under section 365 of the Bankruptcy Code for the Debtor's assumption and assignment of the Assumed Contracts, Residential Leases, and Retail Lease to the Purchaser shall have been satisfied on or before Closing.

3. Any anti-assignment provision in an Assumed Contract, a Residential Lease, or the Retail Lease is void and of no force and effect in connection with the transactions pursuant to the Procedures Motion and this Order.

4. Pursuant to 11 U.S.C. § § 365(k), the Debtor is hereby relieved from any and all liability with respect to the Assumed Contracts, Residential Leases, and Retail Lease accruing on or after the Closing Date.

5. The Debtor shall file and serve a notice of contracts which have been assumed and assigned at Closing to the Purchaser within two business days of the Closing Date.

6. The Debtor is authorized and directed to pay all Cure Costs to the applicable Counterparty within two business days of the Closing Date.

7. The provisions of this Order shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents or other instruments to effectuate, consummate and implement the provisions of this Order. However, the Debtor and the Purchaser, and each of their respective officers, employees and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Purchaser deem necessary or appropriate to implement and effectuate the terms of this Order.

8. Notwithstanding Bankruptcy Rule 6006, this Order shall be effective and enforceable immediately upon entry, and the 14-day stay provided for under the Bankruptcy Rules is waived.

9. The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, and enforcement of the terms and provisions of this Order and the assignment of the Assumed Contracts, Residential Leases, and Retail Lease.

###

Submitted by:

Bradley S. Shraiberg
Shraiberg Page P.A.
Attorneys for the Trustee
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law

*Bradley S. Shraiberg is directed to serve a copy of this Order on all appropriate parties and to file a certificate of service thereof.*